IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL ROLAND THOMPSON,**<br>Petitioner,<br><br>v.<br><br>**SUPERINTENDENT MARK GARMAN,**<br>**and THE ATTORNEY GENERAL OF**<br>**THE STATE OF PENNSYLVANIA,**<br>Respondents. | CIVIL ACTION<br><br><br><br><br>NO. 19-6210 |

## O R D E R

**AND NOW**, this 18th day of May, 2021, upon consideration of *Pro Se* Petitioner's Petition for Relief from a Conviction or Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) (Document No. 1, filed December 24, 2019), *Pro Se* Petitioner's Application for Stay in [sic] Abeyance (Document No. 2, filed December 24, 2019), the Report and Recommendation of United States Magistrate Judge Timothy R. Rice dated August 28, 2020 (Document No. 6, filed August 28, 2020), *Pro Se* Petitioner's Objections to Report and Recommendation (Document No. 11, filed January 15, 2021), and Respondent's Response to Objections to Report and Recommendation (Document No. 14, filed May 10, 2021), **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Timothy R. Rice dated August 28, 2020, as amended by this Order to include the **DENIAL** of *Pro Se* Petitioner's Application for Stay in [sic] Abeyance, is **APPROVED** and **ADOPTED**;

2. *Pro Se* Petitioner's Objections to Report and Recommendation are **OVERRULED**;

3. *Pro Se* Petitioner's Petition for Relief from a Conviction or Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) is **DISMISSED**; and

4. *Pro Se* Petitioner's Application for Stay in [sic] Abeyance is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural ruling with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

I. **BACKGROUND**

The background of this case is set forth in detail in Magistrate Judge Rice's Report and Recommendation ("R & R") and is recited in this Order only as necessary to address *pro se* petitioner's Objections.

A. **Conviction and State Court Review**

On October 21, 2013, petitioner pled nolo contendere in Pennsylvania state court to the crimes of unlawful sexual contact with a minor, dissemination of photo/film of child sex acts, and indecent assault without consent of other. On the same day, he was sentenced to seven and one-half to fifteen years' imprisonment. The Pennsylvania Superior Court affirmed the judgment of conviction on May 4, 2015, and *pro se* petitioner did not seek further review. *Pro se* petitioner's conviction became final on June 3, 2015, when the time to seek review by the Pennsylvania Supreme Court expired.

On June 2, 2016, petitioner filed a motion for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). Counsel was appointed and filed an amended PCRA petition.

The PCRA court dismissed the amended PCRA petition on March 13, 2018, and the Pennsylvania Superior Court affirmed the dismissal on June 5, 2019. On September 25, 2019, the Supreme Court of Pennsylvania denied his petition for discretionary review.

**B. § 2254 Petition**

*Pro se* petitioner filed the pending Petition for Relief from a Conviction or Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) ("§ 2254 Petition") on December 24, 2019. *Pro se* petitioner asserts four claims in the § 2254 Petition: "(1) his trial counsel was ineffective for failing to investigate, present a proper defense, hire a computer forensic expert, and present exculpatory evidence; (2) the trial court erred in denying his motion to withdraw his nolo contendere plea; (3) his trial counsel was ineffective for failing to challenge the seizure of his property, the veracity of the search warrant, and the affidavit of probable cause; and (4) his appellate counsel was ineffective by raising improper appellate claims." R & R at 2. On the same date, *pro se* petitioner filed the pending Application for Stay in [sic] Abeyance, requesting that the Court stay the § 2254 proceedings and hold his § 2254 Petition in abeyance while a second PCRA petition is pending in state court.

On August 11, 2020, this Court referred the case to United States Magistrate Judge Timothy R. Rice for a report and recommendation. By R & R dated August 28, 2020, Magistrate Judge Rice recommended denying the § 2254 Petition as untimely because *pro se* petitioner filed the Petition ninety days after the one-year statute of limitations expired. The R & R does not address *pro se* petitioner's request for a stay and abeyance.

*Pro se* petitioner filed Objections to the R & R on January 15, 2021. Respondent filed a Response on May 10, 2021. The case is thus ripe for decision.

## II. LEGAL STANDARD

Following a magistrate judge's report and recommendation, a party may serve and file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72. Those objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." E.D. Pa. R. 72.1(IV)(b). Generalized objections will not suffice. *Palmer v. Apfel*, 955 F. Supp. 549, 552 n.4 (E.D. Pa. 1998). A district court then evaluates *de novo* those portions of a magistrate judge's report and recommendation to which the objections are made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

*Pro se* petitioner asserts three Objections to the R & R: (1) the § 2254 Petition was timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the statute of limitations was tolled during the ninety day period for filing a petition for writ of certiorari in the United States Supreme Court following denial of further review of his PCRA petition by the Pennsylvania Supreme Court; (2) he is entitled to equitable tolling on the ground that he "exercised reasonable diligence in exhausting state claims and bringing [the] federal habeas petition"; and (3) his request for a stay and abeyance should have been granted while he pursues a second PCRA petition in state court. Objections, 1.

*Pro se* petitioner's timeliness arguments were fully addressed and rejected in the R & R, and the Court is in complete agreement with that analysis. First, *pro se* petitioner is incorrect in his assertion that the AEDPA statute of limitations was tolled during the time he had to petition the United States Supreme Court for a writ of certiorari following the Pennsylvania Supreme

4

Court's denial of further review of his PCRA petition. The statute of limitations is tolled during state court postconviction review, but it is not tolled during the time a petitioner can seek United States Supreme Court review. *See Lawrence v. Florida*, 549 U.S. 327, 332-37 (2007) (ruling the AEDPA statute of limitations is not tolled during the time to seek Supreme Court review of denial of state postconviction relief because "[t]he application for state postconviction review is. . . not 'pending' after the state court's postconviction review is complete").

Second, *pro se* petitioner is not entitled to equitable tolling based on his miscalculation regarding the AEDPA's tolling provisions. *Griffin v. Penna*, No. 10-cv-4570, 2011 WL 2790169, *5 (E.D. Pa. May 25, 2011) ("[E]quitable tolling is not warranted where Petitioner misunderstood and/or miscalculated the timeliness requirement under the AEDPA."). Because *pro se* petitioner did not file the § 2254 Petition within one year of the date on which his conviction became final, excluding the time his PCRA petition was pending, the § 2254 Petition is untimely.

Finally, *pro se* petitioner argues the Court should grant his Application for Stay in [sic] Abeyance while he returns to state court to exhaust the unexhausted claims asserted in his § 2254 Petition.[1] The R & R does not address *pro se* petitioner's request for a stay and abeyance. A District Court should grant a stay and abeyance when the petitioner has filed a timely § 2254 petition, but some or all of the claims are not exhausted, and "the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In such cases, the stay and abeyance allows the petitioner to preserve the timeliness of his § 2254 petition while he exhausts his PCRA claims in state court.

---

[1] Respondent argues that only *pro se* petitioner's second claim has been exhausted. Resp., 4-6. In light of the Court's ruling that the § 2254 Petition is untimely, exhaustion of *pro se* petitioner's claims are immaterial need not be addressed.

5

A stay and abeyance is not appropriate in this case because *pro se* petitioner did not file a timely § 2254 petition, meaning there is no timely filing to preserve. *See Bennett v. Walsh*, No. 3:CV-11-2286, 2014 WL 4793920, *6 (M.D. Pa. Sept. 25, 2014) ("There is no good cause to grant a stay where the action must ultimately be dismissed as untimely."). Thus, the Court denies the Application for Stay in [sic] Abeyance and amends the R & R to include such denial.

## IV.  CONCLUSION

For the foregoing reasons, *pro se* petitioner's Objections are overruled. The Court approves and adopts Magistrate Judge Rice's R & R, as amended by this Order to include the denial of *Pro Se* Petitioner's Application for Stay in [sic] Abeyance. *Pro Se* petitioner's Petition for Relief from a Conviction or Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus) is dismissed, and *pro se* petitioner's Application for Stay in [sic] Abeyance is denied. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural ruling with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**